FILED
 2012 Jun-05 PM 03:08
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DELMOUS VANCE,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 2:12-CV-00588-RDP |
| **OCWEN FINANCIAL CORPORATION, a/k/a OCWEN LOAN SERVICING** | } |
| **Defendant.** | } |

## MEMORANDUM OPINION

This matter is before the court Defendant's Motion for Partial Dismissal of Complaint (Doc. # 10), filed March 26, 2012. The Motion has been fully briefed. (Docs. # 13, 14). Having carefully considered the briefs, the court finds that Defendant's Motion for Partial Dismissal of Complaint (Doc. # 10) is due to be granted.

**I.   BACKGROUND**

Plaintiff Delmous Vance, a homeowner, initiated this lawsuit against Defendant Ocwen Financial Corporation, a/k/a Ocwen Loan Servicing, his mortgage servicer, on February 17, 2012. (Doc. # 1). Plaintiff asserts claims under the Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act, as well as a state law claim for wrongful foreclosure. Because Defendant has moved to dismiss only Plaintiff's wrongful foreclosure claim in Count IV (Doc. # 1 ¶¶ 65-70), this opinion will only discuss facts and law relevant to that claim.

The relevant factual allegations are as follows. Plaintiff purchased his home, located at 8961 Valley Hill Drive, Birmingham, AL 35206, in 2006. (Doc. # 1 ¶ 8). Plaintiff obtained a loan secured by the mortgage on his real property. (*Id*. ¶ 9). At some point around August and September

2011, the servicing of Plaintiff's loan was transferred to Defendant. (*Id.* ¶ 13). Starting in late September 2011, Defendant began reporting that Plaintiff was delinquent on his loan. (*Id.* ¶ 16). Plaintiff alleged that he never missed a loan payment and attempted in vain to stop Defendant from reporting him as delinquent. (*Id.* ¶¶ 12, 17-20). Defendant refused to correct its purported erroneous information on Plaintiff's loan, and on November 2, 2011, Plaintiff received a Notice of Default stating that Plaintiff's payments were past due and demanding payment of $7,192.49 to avoid foreclosure. (*Id.* ¶¶ 20-21). Once again, Plaintiff tried to no avail to demonstrate to Defendant that he had made timely payments. (*Id.* ¶¶ 22-23). Defendant initiated foreclosure proceedings and set a foreclosure sale for February 22, 2012. (*Id.* ¶¶ 23, 29). However, in Plaintiff's Response to Defendant's Motion filed on April 2, 2012, Plaintiff admitted that the foreclosure sale has not been completed. (Doc. # 13 at 2). Plaintiff explained that Defendant initially rescheduled the foreclosure sale for March 23, 2012, but ultimately suspended the sale indefinitely.

Defendant has moved to dismiss Plaintiff's claim for wrongful foreclosure under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff cannot assert a wrongful foreclosure claim if the foreclosure sale has not been completed. Plaintiff disagrees, contending that the *initiation* of foreclosure proceedings is itself sufficient for a wrongful foreclosure claim. The parties' dispute boils down to a question of law: in Alabama, can a party assert a wrongful foreclosure claim if foreclosure proceedings have been initiated but not completed?

## II.   STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Having said that, the complaint must include enough facts "to raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's

plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct."  *Id.*  If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed.  *Id.*

### III.   DISCUSSION

Under Alabama law, a "mortgagor has a wrongful foreclosure action whenever a mortgagee uses the power of sale given under a mortgage for a purpose other than to secure the debt owed by the mortgagor."  *Reeves Cedarhurst Dev. Corp. v. First Am. Fed. Sav. and Loan*, 607 So. 2d 180, 182 (Ala. 1992).  The Southern District of Alabama, faced with a wrongful foreclosure claim in the absence of a foreclosure sale, analyzed the parameters of a wrongful foreclosure claim under Alabama law.  *Hardy v. Jim Walter Homes, Inc.*, 2007 WL 174391, at *6 (S.D. Ala. Jan. 18, 2007).  The court held the following:

> Plaintiffs have cited no Alabama authority, and the undersigned has found none, under which the mere scheduling of a foreclosure sale, without more, has been found to constitute a mortgagee's exercise of the power of sale.  A plain reading of [the] legal standard [enunciated in *Reeves*] strongly suggests that it cannot, and that the power of sale is exercised by selling, not merely by running a newspaper advertisement preparatory to selling.

*Id*.  The court therefore dismissed the claim for wrongful foreclosure under Rule 12(b)(6) for failure to state a claim.  *Id*.  The undersigned agrees with the Southern District of Alabama's analysis of Alabama law.  *See McClung v. MERS, Inc.*, No. 11-3621, 2012 WL 1642209, at *4 (N.D. Ala. May 7, 2012).  Accordingly, in order to state a claim for wrongful foreclosure, a foreclosure sale must

have actually taken place. *Id.*; *Hardy*, 2007 WL 174391, at *6.[1] Here, as no foreclosure sale has occurred, Plaintiff's wrongful foreclosure claim in Count IV must be dismissed for the failure to set forth a plausible wrongful foreclosure claim.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's claim for wrongful foreclosure in Count IV of his Complaint (Doc. # 1 ¶¶ 65-70) is due to be dismissed with prejudice.[2] The court will issue a separate order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this      5th      day of June, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff contends that *Reeves* and *Hardy* do not require that a foreclosure sale actually occur for a party to prevail on a wrongful foreclosure claim. However, Plaintiff misreads these cases. In *Reeves*, the property at issue was foreclosed on prior to the property owner's assertion of a wrongful foreclosure claim, 607 So. 2d at 181, and in *Hardy*, the Southern District of Alabama specifically held, interpreting Alabama law, that when a foreclosure sale has not actually happened, a party cannot assert a wrongful foreclosure claim, 2007 WL 174391, at *6. Further, Plaintiff also cites *Johnson v. Shirley*, 539 So. 2d 165, 167 (Ala. 1988) for support, but in that case, the foreclosure sale had also been completed prior to the assertion of a wrongful foreclosure claim.

[2] To the extent Plaintiff requests leave to amend his complaint (*see* Doc. # 13 at 7), Plaintiff must file a proper motion seeking leave to amend for the court to consider his request.